UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA RYAN,

    Plaintiff,

v.

MIDLAND CREDIT
MANAGEMENT, INC.

    Defendant.

_____/

CASE NO.

6:14-CV-1085-ORL-22-KRS

### PLAINTIFF'S COMPLAINT

PATRICIA RYAN (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this Court over Count I of Plaintiff's Complaint arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Jurisdiction of this Court over Count II of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331.

5. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person who resides in Sanford, Seminole County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national debt collection company with a business office in San Diego, California.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant constantly and consistently places telephone calls to plaintiff in an attempt to collect a debt an alleged debt.

12. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

13. Defendant places telephone calls to Plaintiff on Plaintiff's cellular telephone at 407-272-36XX

14. Defendant places telephone calls from numbers including, but not limited to, 877-411-5511.

15. Per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

16. In or around March of 2014 Plaintiff, called Defendant and spoke to Defendant's representative.

17. During the course of the telephone conversation in or around March 2014, Plaintiff requested that Defendant cease placing calls to her cellular telephone.

18. Plaintiff revoked any consent, either explicitly or implicitly, to receive automated telephone calls from Defendant on her cellular telephone in or around March, 2014.

19. Despite Plaintiff's request to cease, Defendant placed at least eight (8) collection calls to Plaintiff at the following approximate dates:

- May 3, 2014: one (1) call;
- May 4, 2014: three (3) calls;
- May 5, 2014: one (1) call;
- May 6, 2014: one (1) call;
- May 7, 2014: two (2) calls.

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

21. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

22. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

23. Any other relief that this court deems to be just and proper.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

26. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

27. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

28. All court costs, witness fees and other fees incurred; and

29. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax:    (866) 861-1390
Attorney for Plaintiff
FBN: 0882461